S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**STACIE F. BECKERMAN**, OSB #06923
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
E-mail: Stacie.Beckerman@usdoj.gov
       Attorneys for the United States

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 3:12-cr-0069-SI |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **DEPRI MARQUIS SPENSER,** | |
| **Defendant.** | Sentencing Hearing: March 13, 2013, at 2:30 p.m. |

The United States of America, by and through S. Amanda Marshall, United States Attorney for the District of Oregon, and Stacie F. Beckerman, Assistant United States Attorney, hereby respectfully submits this sentencing memorandum for the Court's consideration.

**I.    Background**

In the chilly early morning hours of February 4, 2012, police found a scantily clad 15-year-old Tacoma girl on the streets of a residential Beaverton neighborhood. Although she initially told the police she was looking for a friend's party, subsequent

investigation revealed that she is a sex trafficking victim, and that defendant had transported her and another 15-year-old sex trafficking victim from Tacoma to Seattle to Portland for the purpose of prostitution.

Upon their arrival in Portland, defendant caused the victims to post prostitution ads on backpage.com, a popular sex trafficking website, and then he coached them about what to say when potential customers called or sent them text messages. Several men responded to the ads and contacted one of the victims to set up "dates." Upon confirming a "date," defendant drove with the victim to local hotels, left her off a few blocks away from the hotels to avoid detection, and allowed her to enter hotel rooms alone to awaiting johns without any regard for her safety. After the victim had completed her services, defendant picked her up and demanded from her all of the money she had received from the "date." When police found the victim in Beaverton, defendant had dropped her off for a "date" but the customer had not answered his door, so the victim sat hidden on a porch awaiting defendant's return to pick her up.

Although defendant's Portland trip was cut short, he had trafficked both 15-year-old victims in Seattle a few days earlier. Like in Portland, defendant caused the girls to post prostitution ads, coached them about what to say when men called, transported them to jobs, left them off a few blocks from hotel rooms, and then demanded every penny they earned. One victim reported that while in Seattle, defendant transported her to several back-to-back prostitution dates in a single night, and recounts that one time he forced her

to wake up in the middle of the night and leave for another "date," when all she wanted to do was sleep.

Defendant has likely been involved in the sex trafficking trade since at least 2008, when Tacoma police first contacted him in connection with a prostitution investigation. More recently, police in Kent, Washington questioned defendant in January 2012 in connection with an undercover prostitution investigation.

## II.     GUIDELINES CALCULATION

The government stipulated to the guidelines range set forth in the plea agreement, which calculated defendant's total offense level as 33, and a resulting advisory guidelines range of 121 to 151 months (Criminal History Category II).

## III.    SENTENCING RECOMMENDATION

Consistent with the terms of the Fed. R. Crim. P. 11(c)(1)(C) plea agreement, the government respectfully recommends that the Court sentence defendant to 10 years' imprisonment. The government further recommends that the Court impose a supervised release term of 10 years upon defendant's release from imprisonment, subject to the conditions recommended by the Probation Office. The nature of defendant's repugnant offenses – especially the young age of his victims and his history of trafficking – demonstrates that he will continue to pose a risk when he is released from confinement.

The government also respectfully requests that the Court enter a final order of forfeiture (the preliminary order was entered by the Court on December 28, 2012). The victims in this case are not seeking restitution.

## IV.  CONCLUSION

The 10-year sentence of imprisonment and 10-year supervised release term recommended by the government appropriately reflect the seriousness of defendant's crime, protect young girls from further crimes of the defendant, provide just punishment for the offense, promote respect for the law, and deter defendant and others from trafficking girls in the future.  18 U.S.C. §§ 3553(a)(2)(A) and 3553(a)(2)(B).

Respectfully submitted this 6th day of March 2013.

> S. AMANDA MARSHALL
> United States Attorney
> District of Oregon
>
> /s/ *Stacie F. Beckerman*
> STACIE F. BECKERMAN
> Assistant United States Attorney