IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DEPRI MARQUIS SPENSER**,

    Petitioner,

v.

**UNITED STATES OF AMERICA**,

    Respondent.

Case No. 3: 12-cr-0069-01-SI

**OPINION AND ORDER**

Depri Marquis Spenser, 42067-086, Sheridan Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 5000, Sheridan, OR 97378. *Pro se* Petitioner.

S. Amanda Marshall, United States Attorney and Stacie F. Beckerman, Assistant United States Attorney, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204. Of Attorneys for Respondent.

**Michael H. Simon, District Judge.**

    Before the Court is petitioner Depri Marquis Spenser's ("Spencer") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Dkt. 82. For the following reasons, the motion is DENIED.

**STANDARDS**

    Section 2255 permits a prisoner in custody under sentence to move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

PAGE 1 – OPINION AND ORDER

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a).

Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Baylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). In determining whether a Section 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (citation and quotation marks omitted). A district court may dismiss a Section 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* at 1062-63 & n.3 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)); *see also United States v. Mejia-Mesa*, 153 F.3d 925, 931 (9th Cir. 1998); *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). Conclusory statements in a Section 2255 motion are insufficient to require a hearing. *Hearst*, 638 F.2d at 1194.

The leading federal case governing claims of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Under *Strickland*, a challenger must prove: (1) that counsel's performance was deficient; and (2) that there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688.

Under the first *Strickland* prong, in order for counsel's performance to be constitutionally deficient, it must fall below an objective standard of reasonableness. *Id.* A "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (quoting *Strickland*, 466 U.S. at 687).

"*Strickland* held that 'counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.'" *Smith v. Mahoney*, 611 F.3d 978, 986 (9th Cir. 2010) (quoting *Strickland*, 466 U.S. at 691).[1] The specific standards governing counsel's duty to investigate provide:

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

---

[1] *Strickland v. Washington* and *Wiggins v. Smith*, 539 U.S. 510 (2003), both involved the assistance of counsel in the penalty phase of a capital case. The Supreme Court has clarified that a right to counsel exists during sentencing in a noncapital case. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1385-86 (2012); *Glover v. United States*, 531 U.S. 198, 203-04 (2001); *see also Davis v. Grigas*, 443 F.3d 1155, 1159 (9th Cir. 2006) (Graber, J., concurring) (explaining that *Strickland* applies "to a noncapital sentencing that is 'formal' and that involves findings or conclusions that provide a standard for the imposition of sentence").

PAGE 3 – OPINION AND ORDER

> . . . And when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable.

*Miles v. Ryan*, 713 F.3d 477, 490 (9th Cir. 2012) (quoting *Strickland*, 466 U.S. at 690-91). The *Strickland* standard governing counsel's obligations to investigate and present mitigating evidence applies at sentencing. *Cox v. Del Papa*, 542 F.3d 669, 678 (9th Cir. 2008) (citing *Wiggins v. Smith*, 539 U.S. 510, 521-23 (2003)).

Under the second *Strickland* prong, prejudice is established where there is "a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694. To show prejudice in the context of a plea of guilty, the challenger must demonstrate that "'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Smith v. Mahoney*, 611 F.3d 978, 986 (9th Cir. 2010) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative choices of action open to the defendant." *Hill*, 474 U.S. at 56 (citation and quotation marks omitted). In the sentencing phase of a noncapital case, trial counsel error that results in prejudice can satisfy the second prong of *Strickland*. *Glover*, 531 U.S. at 204 (holding that a showing of prejudice in an ineffective assistance of counsel claim does not require a significant increase in the term of imprisonment and that prejudice is shown where there is "any amount of [additional] jail time"); *see also United States v. Kwan*, 407 F.3d 1005, 1018 (9th Cir. 2005 (quoting *United States v. Castro*, 26 F.3d 557, 560 (5th Cir. 1994)), *abrogated on other grounds by Padilla v. Kentucky*, 130 S. Ct. 1473 (2010).

Because a convicted defendant must satisfy both prongs of the *Strickland* test, his failure to establish either deficient performance or prejudice makes it unnecessary to examine the other

prong. *See Strickland*, 466 U.S. at 699 (explaining that it is not necessary for a court evaluating the merits of an ineffective assistance claim to analyze the components of the applicable test in any particular order or to evaluate both components if the petitioner fails to carry his burden as to one aspect of the test). Where the *Strickland* test is satisfied, the remedy under Section 2255 is that the court "shall vacate and set aside the judgment" and do one of four things: "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## BACKGROUND

On February 15, 2012, a federal grand jury issued a four-count indictment charging Spenser with (1) Transportation of a Minor in violation of 18 U.S.C. § 2423(a); (2) Transportation of a Minor in violation of 18 U.S.C. § 2423(a); (3) Mann Act violation of 18 U.S.C. § 2421; and (4) Mann Act violation of 18 U.S.C. § 2421, as well as including a criminal forfeiture allegation.

On October 17, 2012, Spenser pleaded guilty to Count 1 of the Indictment. Counts 2 through 4 of the Indictment were dismissed. In the Petition to Enter Plea of Guilty, Certificate of Counsel, and Order Entering Plea (Dkt. 41), Spenser admitted that on or about February 3, 2012, he knowingly transported a female under the age of 18 in interstate commerce with the intent that she engage in prostitution. Spenser acknowledged that he knew that the maximum sentence which can be imposed upon him for the crime to which he pled guilty was life imprisonment and that there is a ten year mandatory minimum sentence of imprisonment.

The Government recommended a sentence of 120 months imprisonment, the mandatory minimum sentence. The plea was offered subject to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, such that if the Court accepted the parties' plea agreement the Court agrees to be bound by the recommended sentence. At the sentencing hearing on March 13, 2013,

PAGE 5 – OPINION AND ORDER

Spenser was sentenced to 120 months for Count 1, followed by a period of ten years of supervised release, and the mandatory special assessment fee.

On March 31, 2014, Spenser timely filed this post-conviction motion pursuant to 28 U.S.C. § 2255. Spenser petitions to vacate, set aside, or correct his sentence on the basis that his trial counsel provided ineffective assistance.

## DISCUSSION

Spenser argues that he received ineffective assistance of counsel on two grounds: (1) because trial counsel failed to investigate and present persuasive argument that Spenser's alleged crime failed to meet the required element of a violation of 18 U.S.C. § 1591 (sex trafficking) that the crime be in or affect interstate commerce; and (2) trial counsel failed to challenge the indictment on the grounds that there was insufficient evidence to indict Spenser for a violation of 18 U.S.C. § 1591, because the alleged crime was not in or affecting interstate commerce. Spenser argues that his crime did not meet the interstate commerce nexus because it was a "local" crime involving a minor in Oregon for conduct in Oregon. Dkt. 86.

Spenser's motion is based on his erroneous belief that he was indicted for, pleaded guilty to, and was convicted of, a violation of 18 U.S.C. § 1591. Spenser was not indicted for or convicted of any violation of 18 U.S.C. § 1591 for sex trafficking; he was indicted for and convicted of a violation of 18 U.S.C. § 2423(a) for transportation of a minor. Dkts. 1, 41, 66. Thus, Spenser's assertions and arguments relating to the required elements of 18 U.S.C. § 1591 are irrelevant.

To the extent Spenser had intended to argue that he received ineffective assistance of counsel because counsel did not properly understand or investigate that the crime to which Spenser did plead guilty to, and was convicted of, requires transporting a minor in interstate commerce, the evidence conclusively shows that this argument is without merit. Spenser

PAGE 6 – OPINION AND ORDER

stipulated that the government could prove beyond a reasonable doubt that Spenser transported a minor from Washington to Oregon. Dkt. 42 at 2. Spenser offers no specific factual allegations or argument disputing this fact. Thus, Spenser fails to state a claim on which relief could be granted. *Withers*, 638 F.3d at 1062. Additionally, Spenser offers no evidence or argument that trial counsel's performance with respect to Spenser's pleading guilty to Transportation of a Minor was deficient nor that there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688.

## CONCLUSION

Spenser's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Dkt. 82) is DENIED.

**IT IS SO ORDERED**.

DATED this 13th day of June, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge